UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KEVIN JARMAN,

              Plaintiff,

  -against-

THE CITY OF NEW YORK,
and POLICE OFFICER SAFRON

             Defendants.

SUMMONS ISSUED

Index No.

**COMPLAINT**

JURY TRIAL DEMANDED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JAN 0 4 2012
BROOKLYN OFFICE

GLEESON, J
REYES, M.J

-----------------------------------------------------------x

    Plaintiff Kevin Jarman, by his Attorneys, OFODILE & ASSOCIATES, P.C., complaining of the Defendants, the City of New York and Police Officer Safron, alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action at law to redress the use of excessive force against Plaintiff in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This court has supplemental jurisdiction over Plaintiff's claims brought under Article 1 § 12 of the New York State Constitution and under the common law claim.

2.    Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or

1

usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Queens which is within the Eastern District of New York.

## PARTIES

4. At all times material and relevant to the facts of this case, Plaintiff resided in Queens, New York, within the jurisdiction of this Court.

5. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual defendant and is liable under the common law agency and/or respondent superior rule for the actions of the individual defendant complained of herein both under the common law and under Article 1 § 12 of the New York State Constitution.

6. At all times relevant and material to this case, Defendant Police Officer Saffron was employed and upon information and belief is still employed by the City of New York in its Police Department.

2

## FULFILMENT OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York within ninety days of the happening of the events mentioned herein, attended his scheduled 50-H Hearing and, at least 30 days has elapsed from the said date without the City of New York settling said claims.

## FACTUAL ALLEGATIONS

8. On May 31, 2011, Police Officer Saffron, after he had arrested and handcuffed Plaintiff caused the fracture and dislocation of Plaintiff's right angle for which he was hospitalized at Jamaica Hospital for nine days.

9. On May 31, 2011 in Queens County, in front of the Path Mark Supermarket on Atlantic Avenue, at approximately 1:00 p.m., Plaintiff met Officer Saffron and his partner who had responded, upon information and belief, to call from the store.

10. A store clerk/employee had alleged that Plaintiff had shoplifted from Path Mark and motioned to police officers that were just outside the shop. Plaintiff had not left the supermarket at the time of the alleged shoplifting.

11. Plaintiff who is 6'2 was approached by Officer Saffron who is about 5'5 and appeared to be afraid of Plaintiff because of his size. Officer Saffron was subdued and professional in manner when he asked Plaintiff to put his hands behind his

3

back to be handcuffed and Plaintiff complied.

12. Plaintiff was fully compliant and was handcuffed behind his back by Officer Saffron without incident.

13. Immediately after handcuffing Plaintiff, Officer Saffron's attitude and demeanor changed into and abusive and disrespectful one.

14. He asked Plaintiff to spread his legs in a search position which Plaintiff did.

15. Plaintiff was positioned near the curb by Officer Saffron, with is right foot touching the curb and Officer Saffron's right foot holding his leg to the curb.

16. Because the handcuffs were put on too tightly by Officer Saffron, Plaintiff turned his head to look at Officer Saffron and told him that the handcuffs were put on too tightly to please loosen them.

17. At this moment, Officer Saffron yanked very violently on the handcuffs and told Plaintiff to stay still.

18. Plaintiff lost his balance but could not steady himself because of the placement of Officer Saffron's foot which was placed against Plaintiff's right foot and held to
4

the curb.

19. Officer Saffron, in effect, tripped Plaintiff.

20. As Plaintiff was falling, instead of moving his foot so that Plaintiff would steady himself, or, hold Plaintiff up to avoid his falling down, Officer Saffron deliberately let Plaintiff fall.

21. Officer Saffron did not make any attempt to help Plaintiff who was totally unable to brace his fall in the circumstances and was openly giddy in letting and watching Plaintiff fall down.

22. Plaintiff fell and hit his head on the concrete and fractured and dislocated his right ankle on the curb as Officer Saffron's foot prevented Plaintiff's foot from moving freely to avoid friction with the curb.

23. While Plaintiff was falling and after he fell, Officer Saffron was laughing and the first thing he said to Plaintiff was that his fall was funny and that he was going to put it on Youtube.

24. While Plaintiff was waiting for an ambulance, Officer Saffron and his partner were chatting and laughing about Plaintiff's fall.

5

25. Plaintiff was taken to Jamaica Hospital on May 31, 2011 and discharged on June 7, 2011.

26. On June 5, 2011, Plaintiff underwent an open reduction and internal fixation during which pins, screws and plates were inserted and used to fix his ankle.

27. Upon information and belief, Plaintiff has sustained permanent injuries to his angle and also suffered pain and suffering and lost wages as a result of the actions of Officer Saffron who was working as an agent of the City of New York.

28. Plaintiff was and is still all traumatized as a result of his ordeal.

## AS FOR A FIRST CAUSE OF ACTION

29. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each paragraph is repeated and re-alleged verbatim herein.

30. Officer Saffron subjected Plaintiff to excessive force in violation of his Fourth and Fourteenth Amendments' rights not to be subjected to excessive force when, after handcuffing Plaintiff, he yanked on the handcuffs and tripped Plaintiff, causing him to sustain a fractured ankle that required nine days of hospitalization and surgery to attempt fix. The actions of Officer Saffron were intentional and/or reckless.

6

## AS FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each paragraph is repeated and re-alleged verbatim herein.

32. Officer Saffron subjected Plaintiff to excessive force in violation of Article 1 § 12 of New York State Constitution to be free from excessive search and seizure, when, after handcuffing Plaintiff, he yanked on the handcuffs and tripped Plaintiff, causing him to sustain a fractured ankle that required nine days of hospitalization and surgery to attempt fix. The actions of Officer Saffron were intentional and/or reckless.

## AS FOR A THIRD CAUSE OF ACTION

33. Plaintiff repeats and re-alleges paragraphs 1 through 32 as if each paragraph is repeated and re-alleged verbatim herein.

34. Plaintiff was subjected to assault and battery without a legitimate legal purpose by Officer Saffron when he yanked on Plaintiff's handcuffs after he had been arrested and handcuffed and allowed Plaintiff to fall in violation of his common law rights not to be subjected to assault and battery. The actions of Officer Saffron were intentional and/or reckless.

## AS FOR A FOURTH CAUSE OF ACTION

35. Plaintiff repeats and re-alleges paragraphs 1 through 34 as if each paragraph is repeated and re-alleged verbatim herein.

36. In holding Plaintiff's foot to the curb, yanking on his handcuffs, continuing to hold Plaintiff's foot to the curb, and letting him fall when he knew that there was no way Plaintiff could break his fall and while not making any attempts to ameliorate the impact of the expected fall of Plaintiff on concrete, it was foreseeable to Officer Saffron that Plaintiff would sustain some injuries.

37. As a result of Officer Satffron's gross negligence, recklessness and/or negligence, Plaintiff's right ankle was fractured which required an open reduction internal fixation and nine days of hospital stay and Plaintiff has been damaged thereby.

## AS FOR THE FIFTH CAUSE OF ACTION

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as if each paragraph is repeated and re-alleged verbatim herein.

39. At all times relevant and material to this case, Officer Saffron was employed by the City of New York through its Police Department and his actions complained of herein were done during his employment and in the course of his employment and the City of New York is therefore jointly and severally liable to Plaintiff for

the injuries sustained herein as alleged in the 2nd, 3rd, 4th and 5th causes of action.

**WHEREFORE,** Plaintiff prays for judgment awarding him:

1. As against the individual Defendant for violation of his federal constitutional rights, jointly and severally:

    i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his physical injuries, emotional, mental, and physical distress;

    ii. lost earning and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

    iii. punitive damages in an amount sufficient to punish the individual Defendant and deter others like him from repeating such unlawful conduct;

    iv. attorneys' fees and the costs and disbursements of this action; and

    v. past and future costs of medical treatment;

    vi. such other relief as the court deems just and proper.

2. As against the individual Defendant and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

    i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress;

    ii. lost earnings and lost opportunities to earn income, in the amount to be

      proved at trial and in accordance with proof;

  iii. punitive damages (against the individual defendant only) in an amount sufficient to punish the individual Defendant and deter others like him from repeating such unlawful conduct;

  iv. attorneys' fees and the costs and disbursements of this action -- against all Defendants, jointly and severally; and

  v. past and future costs of medical treatment;

  vi. such other relief as the court deems just and proper.

3. As against the City of New York and the individual Defendants, for the violation of his common law rights:

  i. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his emotional, mental, and physical distress; against all Defendants, jointly and severally;

  ii. lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

  iii. punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  iv. the costs and disbursements of this action -- against all Defendants, jointly and severally; and

    v.      past and future costs of medical treatment;

    vi.    such other relief as the court deems just and proper.

Dated: Brooklyn, New York
       January 4, 2012

                                    OFODILE & ASSOCIATES, P.C.
                                    Attorneys for Plaintiff

                                    By_____
                                    Anthony C. Ofodile, Esq. (AO-8295)
                                    498 Atlantic Avenue
                                    Brooklyn, New York 11217
                                    718 852-8300